UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MALIBU MEDIA,

        Plaintiff,

                                  No. 13-11432

v.

                                  Hon. Gershwin A. Drain

JOHN DOE

        Defendant.

_____/

## ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO STRIKE [#41] AND GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO DISMISS DEFENDANT'S COUNTERCLAIM FOR DECLARATORY RELIEF [#42]

### I.    Introduction

On March 29, 2013, Plaintiff Malibu Media LLC, filed a Complaint under §106 of the Copyright Act of 1976 ("the Copyright Act"), as amended 17 U.S.C. §§101 *et seq.*, against Defendant John Doe for copyright infringement. Plaintiff produces pornographic videos and markets them over the internet. Those who wish to view Plaintiff's videos can purchase access to them on Plaintiff's website. Plaintiff alleges Defendant used a file sharing method called a BitTorrent to infringe upon its copyrighted films. BitTorrents allow multiple internet users to download small amounts of large media files from one another until a user has obtained the whole file. Initially, Plaintiff did not know Defendant by name, but knew Defendant's internet protocol address ("IP address"). The Court granted Plaintiff's Motion for Leave to Serve a Third party Subpoena on Defendants internet service provider, and was able to determine Defendant's name. Thereafter, the Court granted Defendant's Motion to Proceed Anonymously Through Discovery and Dispositive Motions on September 26, 2013.

Presently before the Court are Plaintiff's Motion to Strike Defendant's Affirmative Defenses [#41] and Motion to Dismiss Defendant's Counterclaim for Declaratory Relief [#42]. The Court finds that oral argument will not aide in the resolution of this matter. Accordingly, these motions will be decided on the briefs submitted. *See* E.D. Mich. L.R. 7.1(f)(2). For the reasons that follow, the Court will GRANT IN PART AND DENY IN PART Plaintiff's Motions.

## II. Factual Background

On February 20, 2014, Defendant filed an Answer containing thirteen Affirmative Defenses. *See* Dkt. #37. Defendant raised the defenses of unclean hands, copyright misuse, estoppel, implied license, innocent intent, no volitional conduct, unconstitutionality of statutory damages, misuse by others, intervening acts, knowledge, consent and acquiescence, fair use, *de minimis* infringement and laches. *Id*. Defendant also filed a counterclaim for declaratory relief. *Id*. Defendant seeks a declaration that the doctrines of unclean hands, copyright misuse, estoppel, and implied license preclude Plaintiff from enforcing its copyrights, therefore, Defendant is not liable for copyright infringement. *Id*.

## III. Law and Analysis

### A. Standard of Review

#### i. Motion to Strike Affirmative Defenses

The court can strike an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter from a pleading. Fed R. Civ. P. 12(f). A defense is insufficient "if as a matter of law, the defense cannot succeed under any circumstances." *Hahn v. Best Recovery Servs., LLC*, No. 10–12370, 2010 WL 4483375, *2 (E.D.Mich. Nov.1, 2010). The decision to strike is within the court's discretion. 2 Moore's Federal Practice § 12.37 (3d ed. 2002). Courts should

only grant a motion to strike when the "purposes of justice require" it. *Brown & Williamson Tobacco Corp. v. United States*, 201 F.2d 819, 822 (6th Cir. 1953).

Generally, motions to strike "are disfavored and should only be granted when 'insufficiency of the defense is clearly apparent.'" *Malibu Media, LLC v. Doe*, No. 12-2078, 2013 U.S. Dist. Lexis 55985 *6 (E.D Pa. Mar. 6, 2013). The Sixth Circuit Court of Appeals has recognized "the action of striking a pleading should be sparingly used by the courts" and resorted to only when required for the purpose of justice" and when the pleading to be stricken has no possible relation to the controversy. *Brown & Williamson Tobacco Corp.,* 201 F.2d at 822. Moreover, "a court should restrain from evaluating the merits of a defense where, as here, the factual background for the case is largely undeveloped." *Id*. (quoting *Cipollone v. Liggett Grp., Inc.*, 789 F.2d 131, 188 (3d. Cir. 1986)).

Lastly, the Sixth Circuit Court of Appeals has never expressly held that the heightened pleading standards in *Iqbal* and *Twombly* apply to affirmative defenses. *See Peters v. Credit Portection Ass'n, LP*, No. 2:13-cv-767, 201 U.S. Dist. LEXIS 34825, *6-7 (S.D. Ohio Mar. 14, 2014). However, some courts have so held, including courts in this circuit. Other courts in this circuit have reached the opposite conclusion. *Peters*, 2014 U.S. Dist. LEXIS 34825, at *7-8; *Joe Hand Promotions, Inc. v Havens*, No.2:13-cv-0093 2013 U.S. Dist. LEXIS 104962, *2 (S.D. Ohio Jul. 26, 2013); *Paducah River Painting, Inc. v. Mcnational, Inc*., No. 5:11-cv-00135 U.S. Dist. LEXIS 131291, *4-10 (N.D. K.Y. Nov. 12, 2011). This Court finds the latter group of courts' reasoning persuasive, thus affirmative defenses "need only be pleaded such that they give fair notice of the nature of the defense." *Paducah River Painting, Inc.*, 2011 U.S. Dist. LEXIS 131291, at *4 (quoting *Lawrence v. Chabot*, 182 F. App'x 442, 456 (6th Cir. 2006)).

### ii. Motion to Dismiss

Under Rule 8(a)(2) of the Federal Rules of Civil Procedure, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Although this standard does not require "detailed factual allegations," it does require more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Rule 12(b)(6) of the Federal Rules of Civil Procedure allows the court to make an assessment as to whether the plaintiff has stated a claim upon which relief may be granted. Under the Supreme Court's articulation of the Rule 12(b)(6) standard in *Bell Atl. Corp. v. Twombly*, the court must construe the complaint in favor of the plaintiff, accept the allegations of the complaint as true, and determine whether plaintiff's factual allegations present plausible claims. To survive a Rule 12(b)(6) motion to dismiss, plaintiff's pleading for relief must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Ass'n of Cleveland Fire Fighters v. City of Cleveland*, 502 F.3d 545, 548 (6th Cir. 2007). Even though the complaint need not contain "detailed" factual allegations, its "factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the allegations in the complaint are true." *Id*. To survive a motion to dismiss, the plaintiff must allege facts that, if accepted as true, are sufficient "to raise a right to relief above the speculative level" and to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 667 (2009).

When deciding a motion under Rule 12(b)(6), the court can take into account matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint. *Amini v. Oberlin College*, 259 F.3d 493, 502 (6th Cir. 2001). The court can properly treat documents the defendant attaches to its motion as pleadings if those documents are central

to the plaintiff's complaint and its claims. *Werner v. Klais & Co., Inc.*, 108 F.3d 86, 88 (6th Cir. 1997).

### B. Motion to Strike

Plaintiff seeks to strike Defendant's affirmative defenses of unclean hands, copyright misuse, estoppel, implied license, knowledge, consent, acquiescence, and laches.

Plaintiff's first argument is that the Court should strike the affirmative defense of unclean hands. The doctrine of unclean hands allows the court to deny injunctive relief where the party applying for the relief is "guilty of fraud, deceit, unconscionability, or bad faith related to the matter at issue[.]" *Performance Unlimited, Inc. v. Questar Publisher's, Inc.*, 52 F.3d 1373, 1383 (6th Cir. 1995). The plaintiff's misconduct "must relate directly to the transaction about which the plaintiff has made a complaint." *Id*.

Defendant first argues that Plaintiff failed to comply with 18 U.S.C. § 2257, a statute aimed at protecting underage children from exploitation in the sex industry. *See American Library Ass'n v. Reno*, 33 F.3d 78, 86 (D.C. Cir. 1994). The statute requires pornographic movie producers to create and maintain a record of their performers' ages. *Id*. (stating Congress' intent in creating the act). This is a criminal statute with no private right of action. *Bullard v. MRA Holding, LLC*, 890 F. Supp.2d 1323, 1029 (N.D. Ga. 2012). Congress created civil remedies for the statutes under this chapter, but did not include one for section 2257. *Id*. at 1330.

According to Defendant, the doctrine of unclean hands is appropriate because Plaintiff's films feature "young-looking girls[.]" *See* Countercl. at ¶¶ 8,16. Regulations under the act require pornographic film producers to display section 2257 notice either at the beginning or at

5

the end of the film. 28 C.F.R. § 75.8 (b)-(c) (2014). Plaintiff's website contains a link to the statute, but defendant alleges the movies do not contain the notice the regulation requires.

The law in this circuit regarding unclean hands requires that plaintiff's conduct relate to the transaction about which Plaintiff has complained. See *Performance Unlimited, Inc.*, 52 F.3d at 1383. While Defendant's assertions with respect to section 2257 do not relate to the transaction underlying the complaint, some of Defendant's facts do relate to the transaction at issue. Defendant argues that IPP International UG ("IPP"), Plaintiff's investigator, was engaged in a "honey pot" scheme in Germany by seeding its works in an attempt to lure would be infringers. *See* Answer. at ¶¶ 15, 17, 22-23. Insofar as Defendant's unclean hands defense relies on section 2257, the Plaintiff's Motion will be GRANTED IN PART. To the extent defendant's unclean hand defense relies on a seeding of Plaintiff's videos, the Plaintiff's motion to strike will be DENIED IN PART.

Second, Plaintiff moves to strike the affirmative defense of copyright misuse. To assert copyright misuse, defendants must establish that plaintiff violated antitrust laws, plaintiff unlawfully extended the scope of the monopoly granted under its copyright or violated the public policy behind the copyright laws. *Microsoft Corp. v Compusource Distributors, Inc.*, 115 F.Supp.2d 800, 810 (E.D. Mich. 2000). Some courts have applied this defense without finding a violation of antitrust laws. *Lasercomb Am., Inc. v. Reynolds*, 911 F.2d 970, 978 (4th Cir. 1990) (stating copyright misuse as a defense does not require a showing of an antitrust violation); *see also Practice Mgmt. Info. Corp. v. American Med. Ass'n*, 121 F.3d 516, 521 (9th Cir. 1997) (holding granting a license in exchange for exclusive use of copyrighted material constituted misuse).

Defendant argues Plaintiff is unlawfully extending its monopoly beyond the scope allowed by its copyright because it is producing child pornography. For the reasons mentioned above, the Court rejects any argument that failure to comply with section 2257 amounts to copyright misuse. However, the Court declines to strike this affirmative defense altogether as the Court cannot conclude that this defense will not succeed under any circumstance. At this point in the case, the factual record is not fully developed, thus it is too early to determine whether such a defense will succeed. *See Malibu Media, LLC v. Koh*, No. 13-cv-10313, 2013 WL 5853480, at *2 (E.D. Mich. Oct. 30, 2013); *see Jeeper's of Auburn, Inc. v. KWJB Enterprise, LLC*, 2011 WL 1899195, at *1-2 (E.D.Mich.2011) ("motion to strike will not be granted if the insufficiency of the defense is not clearly apparent, or if it raises factual issues that should be determined on a hearing on the merits"). The Court will DENY Plaintiff's Motion to Strike the defense of copyright misuse.

Defendant raises estoppel and/or implied license as his third and fourth affirmative defenses. For estoppel to apply, the party to be estopped must have acted or spoken in a way that represented a material fact, and the party asserting estoppel must have "detrimentally relied" on the representation. *Bridgeport Music, Inc. v. Justin Combs Pub.*, 507 F.3d 470, 494 (6th Cir. 2007). In the alleged "honey pot" scheme, IPP seeds Plaintiff's content to members of the particular BitTorrent swarm, which allows IPP to locate various John Does in the United States by IP address. *See* Def.'s Resp. at 24. However, even if Defendant can establish this at trial, he has not pointed to any representations made by Plaintiff about permission to share its works. The Defense of estoppel cannot succeed as a matter of law. The Court will STRIKE estoppel.

An implied license can be the result of conduct or an oral agreement between parties. *Johnson v. Jones*, 149 F.3d 494, 500 (6th Cir. 1998). Courts find an implied license in a limited

set of circumstances in which one party creates a work for another with the intent that the party receiving the work will distribute it. *Tang v. Putruss*, 521 F. Supp.2d 600, 608 (E.D. Mich. 2007). No elements of the purported "honeypot" scheme involve Plaintiff creating work and giving it to the Defendant with the intent that Defendant distribute it. The implied license cannot succeed as a matter of law, and the Court will STRIKE this defense.

The fifth affirmative defense Plaintiff seeks to strike is knowledge, consent, and acquiescence. This defense is redundant because Defendant has already raised estoppel and implied license. Defendant must show Plaintiff's conduct "amounted to an assurance to the defendant, express or implied, that plaintiff would not assert his rights against the defendants." *Elvis Presley Enterprises, Inc. v. Elvisly Yours, Inc.*, 936 F.2d 889, 894 (6th Cir. 1991). Defendant argues Plaintiff was aware of the infringement and took steps to facilitate it. Answer ¶¶ 46-47. However, Defendant offers no facts suggesting that any actions undertaken by Plaintiff amount to an assurance Plaintiff would not assert its rights under the Copyright Act. This defense cannot succeed, and the Court will STRIKE it.

The sixth and final affirmative defense Plaintiff seeks to strike is laches. Defendants can raise laches when a plaintiff has negligently failed to protect its rights as evidenced by an unreasonable delay in filing suit. *Elvisly Yours, Inc.*, 936 F.2d at 894. A party asserting laches must demonstrate the opposing party lacked diligence and prejudice resulted from the lack of diligence. *Herman Miller, Inc. v. Palazzetti Imports and Exports, Inc.*, 270 F.3d 298, 320 (6th Cir.2001). In the Sixth Circuit, there is a strong presumption against laches if the statute of limitations on a claim has not lapsed. *Id*. The statute of limitations on a claim under the Copyright Act is three years. 17 U.S.C. § 507(b) (2012). Only if there are compelling circumstances, will laches cut short statute of limitations under the Copyright Act. *Chirco v.*

*Crosswinds Communities, Inc.*, 474 F.3d 227, 234 (6th Cir. 2007). The Sixth Circuit Court of Appeals has not delineated what qualifies as compelling circumstances, however it has recognized and applied the Ninth Circuit Court of Appeals' view that equity cannot allow a plaintiff to watch defendant expend significant resources exploiting infringement until the plaintiff is certain it will succeed on its infringement claim. *Chirco*, 474 F.3d at 232 (citing *Danjaq LLC v. Sony Corp.*, 263 F.3d 942, 951 (9th Cir. 2001).

Defendant's Answer and briefing suggest that Plaintiff's awareness of Defendant's use of BitTorrent to download Plaintiff's material for more than a year is the type of delay that justifies applying laches to cut the statute of limitation short. Thus far, Defendant has not shown any expenditure of money or other assets in furtherance of his infringement. Moreover, Plaintiff only seeks a remedy at law. Given the Sixth Circuit's strong presumption against laches when the statute of limitations has not expired, the Court will STRIKE the affirmative defense of laches.

Defendant's affirmative defenses of estoppel, implied license, knowledge, consent, acquiescence, and laches cannot succeed as a matter of law. Thus, the Court will GRANT IN PART AND DENY IN PART Plaintiff's Motion to Strike [#41]. The affirmative defenses of estoppel, implied license, knowledge consent and acquiescence and laches will be STRICKEN. The Court will DENY Defendant's Motion to Strike the Affirmative Defenses of unclean hands and copyright misuse.

### C. Plaintiff's Motion to Dismiss

Plaintiff argues Defendant's claim for declaratory relief fails to state a claim and repeats issues already in front of this Court. Defendant seeks a declaration that its affirmative defenses have merit and it is not liable for infringement because of Plaintiff's supposed failure to comply with section 2257 and seeding of copyrighted content by Plaintiff or IPP.

9

Defendant's reliance on section 2257 is irrelevant to Plaintiff's claim. This statute is a criminal statute and offers no private right of action. For the reasons stated above, Defendant's reliance on section 2257 is misguided.

For reasons already addressed, the defenses of implied license and estoppel cannot succeed as a matter of law. The defenses of unclean hands and copyright misuse, however, do have merit. Given the lack of development of the factual record, there are circumstances under which these defenses could succeed. The Court will GRANT IN PART AND DENY IN PART Plaintiff's Motion to Dismiss Defendant's Counterclaim for Declaratory Relief [#42]. The Court GRANTS Plaintiff's Motion to Dismiss Defendant's count for Declaratory Relief as it relates to estoppel and implied license, but DENIES it as it relates to unclean hands and copyright misuse.

## IV. Conclusion

For the reasons mentioned above, the Court GRANTS IN PART AND DENIES IN PART Plaintiff's Motion to Strike Defendant's Affirmative Defenses [#41], and GRANTS IN PART AND DENIES IN PART Plaintiff's Motion to Dismiss Defendant's Counterclaim for Declaratory Relief [#42].

SO ORDERED.

Dated: June 12, 2014        s/Gershwin A. Drain
                            United States District Court Judge

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on June 12, 2014, by electronic and/or ordinary mail.

                            s/Julie Owens acting in the absence of Tanya Bankston
                            Case Manager