UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**MALIBU MEDIA, LLC**,

   Plaintiff,

v.

**JOHN DOE**,

   Defendant.

Case No. 2:13-cv-11432-GAD-RSW

Assigned to: Hon. Gershwin A. Drain
United States District Judge

Referred to: Hon. R. Steven Whalen
United States Magistrate Judge

| | |
|---|---|
| Paul J. Nicoletti (P44419)<br>NICOLETTI & ASSOCIATES, PLLC<br>36880 Woodward Avenue, Suite 100<br>Bloomfield Hills, MI 48304<br>Tel: (248) 203-7800<br>Fax: (248) 203-7801<br>Email: paul@nicoletti-associates.com<br><br>*Attorney for Plaintiff* | Morgan E. Pietz (CA 260629)<br>THE PIETZ LAW FIRM<br>3770 Highland Ave., Ste. 206<br>Manhattan Beach, CA 90266<br>Tel: (310) 424-5557<br>Fax: (310) 546-5301<br>Email: mpietz@pietzlawfirm.com<br><br>Hattem A. Beydoun (P66071)<br>EPIC LAW PLLC<br>P.O. BOX 32598<br>Detroit, MI 48232<br>Tel: (888) 715-8033<br>Fax: (313) 254-4923<br>Email: hbeydoun@epiclg.com<br><br>*Attorneys for Defendant John Doe Subscriber* |

## JOHN DOE'S OPPOSITION
## TO PLAINTIFF'S SECOND MOTION TO EXTEND DISCOVERY

## OPPOSITION

Plaintiff Malibu Media, LLC ("**Malibu**"), a pornographer, is a serial litigant that has made a business model out of seeking statutory damages under the Copyright Act.  According to an analysis of PACER records by *The New Yorker*, in 2013, Malibu is responsible for approximately 33% of the total number of copyright infringement lawsuits filed in the entire United States.[1]  Of the approximately 2,000 lawsuits Malibu has filed over the last 2+ years, against several thousand Internet users, only one case, against a handful of defendants has gone to a (semi-contested)[2] trial.  That case went to trial because the Judge there decreed that that case would be deemed a "bellwether" case, and if Malibu dismissed it, the court would draw adverse inferences about the propriety of Malibu's other cases.  *Malibu Media LLC v. John Does 1-16, John Does 1-14, John Does 1-22*, Civil Action Nos. 12-2078, 12-2084, 12-2088, 2012 U.S. Dist. LEXIS 143378, 2012 WL 4717893, at *9 (E.D. Pa. Oct. 3, 2012) (setting a bellwether trial and warning "If [p]laintiff decides instead to continue to 'pick off' individual John Does, for confidential settlements, the Court may draw an inference that [p]laintiff is not serious about proving its claims, or is unable to do so.")

---

[1] http://www.newyorker.com/online/blogs/currency/2014/05/the-biggest-filer-of-copyright-lawsuits-is-this-erotica-web-site.html

[2] The trial was really only semi-contested, because all of the defendants there were apparently liable, and thus settled in advance, pursuant to some kind of "high-low" deal on damages.  In practical effect, the only defense raised there was a white flag of surrender.

Last fall, in evaluating a motion to sever filed by undersigned counsel Pietz in a multi-defendant case, Judge Hood of this district reviewed the dockets for all of Malibu's cases in the Eastern District of Michigan and noted of Malibu,

> "The fact that all 22 of the Plaintiff's cases within the past year were voluntarily dismissed or otherwise closed before a 26(f) conference raises a very strong inference that this plaintiff in particular does not actually intend to proceed with these claims beyond the pleadings stage."

<u>Malibu Media, LLC v. John Does 1-30</u>, E.D. Mi. No. 2:12-cv-13312-DPH-MJH, ECF No. 70, 9/30/13, p. 15 (order where Judge Hood, who had previously allowed "swarm joinder" case to proceed, opted to exercise discretion and sever all Does other than Doe number one).

Here in this case, despite having received one continuance already and been warned to get going at the last status conference, Malibu has similarly shown itself to be uninterested in actually moving this case along towards trial. Here is a complete account of all discovery efforts undertaken while discovery was open:

- Notwithstanding its obligations under Rule 26(a), Malibu has produced **zero (0)** documents. Although three of the people identified on Malibu's witness list (e.g., Michael Patzer, Patrick Paige and Tobias Fieser) are presumably being offered to provide what is really expert testimony about data logged using a proprietary BitTorrent client, none of then have produced any kind of report. Nor has any of the computer

data on which this case depends been produced, in any form. Declaration of Morgan E. Pietz ("**Pietz Decl.**"), ¶ 2.

- Malibu served initial disclosures (no documents), one set of interrogatories, and one set of requests to produce documents on defendant Doe. As Malibu acknowledges in the instant second motion to reopen discovery, Doe timely *responded to all written discovery on May 19, 2014*. In addition, which Malibu does not mention, Doe produced all responsive documents[3], and offered to make her computer available for inspection, provided Malibu pays for the cost of copying the drive. Pietz Decl., ¶ 3.

- Nobody has been deposed. Although Malibu's counsel in Maryland is generally in the habit of conducting one-hour depositions of Internet users *before* naming these people *as defendants* and thus subjecting them to thousands of dollars in defense costs, Malibu's counsel here utilized no such procedure to ensure an appropriate person was named as the defendant. Pietz Decl. ¶ 4. The 49-year-old woman Malibu has named and served as the defendant in this case did not download any of Malibu's pornographic content, and looks forward to complete vindication, and, hopefully, recovery of her attorney's fees, at trial. Perhaps if Malibu had conducted even minimal investigation or discovery prior to or after naming her as the defendant, it might have been able to ascertain as much on its own.

- Until the filing of the instant motion at 9:13 p.m. EST on the last day of discovery, Malibu made no effort whatsoever to meet and confer about any perceived deficiencies with Doe's written discovery responses or document production. Nor, of course, have any motions to compel been mentioned, much less filed or set for hearing. Pietz Decl., ¶ 5.

---

[3] In the reply, Malibu may wish to complain that the document production was served on what is apparently the wrong address for counsel Mr. Nicoletti. The document production was served under cover of a letter addressed to "Law Offices of Nicoletti & Associates, LLC, 36880 Woodward Avenue, Suite 100, Bloomfield Hills, MI 48304." Apparently, Mr. Nicoletti has moved offices. However, as of June 19, 2014, that is the address currently listed on the CM/ECF system as the service address for this case, so he should not be heard to complain for having documents sent to the wrong address, when he failed to update his address in the system, and the documents were sent to the current official address listed in CM/ECF. Pietz Decl., ¶ 3 and Exh. 1.

- Although in the instant motion Malibu claims that it is "in the process of. . .preparing a stipulated protective order for production of relevant Documents," that was news to Doe; the first we heard of it was the instant motion. Pietz Decl., ¶ 6.

- Four days after the court decided the motion to strike Does affirmative defenses (ECF No. 49, 6/12/14), which shaped the scope of discovery, Doe through counsel, propounded extensive written discovery. Presently, responses to Does' discovery have not yet come due, so Malibu has not responded. Nevertheless, Doe is prepared to move forward to trial without obtaining responses to the discovery Doe propounded in this action. Pietz Decl., ¶ 7.

In addition to Malibu's fairly obvious lack of diligence in prosecuting this case, there is another, independent and sufficient reason to deny the instant second motion to reopen discovery: once again, Malibu failed to properly meet and confer. As the Court may recall, the last time Malibu moved to reopen discovery in this case, Doe initially opposed the motion, writing as follows:

> "Plaintiff did not really comply with L.R. 7.1(a) to seek concurrence prior to filing the Motion to Reopen. Plaintiff's counsel sent an email saying he was going to file a motion to extend about two hours before actually filing such a motion—that was it." ECF No. 39, p. 3 (John Doe's Response to Plaintiff's Motion for Enlargement of Time to Complete Discovery).

Those words might as well have been written about this instant second motion to reopen discovery, as Malibu's counsel did the same thing again this time, emailing at 8:07 p.m. EST to ask whether Doe would oppose a motion for a further 60-day extension. Undersigned counsel was not able to immediately respond, and as noted

above, the instant motion itself was then filed a little over an hour later, at 9:13 p.m. EST on the last day of the discovery period.

If Malibu were granted the further extension it seeks, that would practically result in the trial having to be continued again. This case was originally filed in March of 2013 and is currently set for trial October 20, 2014, which would be 18 months later. Doe was hailed into court here by Malibu's reckless litigation tactics—Malibu might have found out that it was naming the wrong person before naming her, if it had bothered to ask her. She has spent over a year already, and thousands of dollars in attorney's fees defending herself, and is not interested in paying for more discovery, or in this whole affair dragging on into the holidays or beyond.

Local Rule 40.2 provides,

> "Counsel or any party without counsel shall be prepared and present themselves as ready in all cases set for trial or for pretrial on the date set unless, on timely application and good cause shown, the cases are continued. Where application is made for the continuance of the trial of a case, such application shall be made to the Court as soon as the need arises." L.R. 40.2.

Whether to grant a motion to continue is within the broad discretion of the district court. *See, e.g., Morris v. Slappy*, 461 U.S. 1, 11–12 (1983); *United States v. Frost*, 914 F.2d 756, 764–65 (6th Cir. 1990). Denial of a motion to continue will only be found to be an abuse of discretion when the court exhibits "an unreasoning and

arbitrary insistence on expeditiousness in the face of a justifiable request for a delay." *Slappy*, 461 U.S. at 11–12.

Here, there is no justification for the delay and even the excuses Malibu does offer do not withstand scrutiny. Malibu could have—indeed, should have—deposed the defendant months ago. If it wanted to pay to copy her computers, she was willing, but Malibu should have mentioned that to someone it at some point prior to 3 hours before the close of discovery. As Judge Hood previously recognized, a close look at Malibu's litigation history in this district suggests it has no real desire to take its dozens of cases in this district to trial. Its conduct here in this case speaks much louder than the dubious representations made in the instant motion papers (none of which are supported by any declarations), and shows that Judge Hood was right.

Enough is enough. Defendant respectfully requests that the Court deny Malibu's second motion to reopen discovery and that this case continue forward to trial as scheduled on October 20, 2014. In view of the fact that Malibu has produced no documents or data on which it intends to rely at trial, and none of its experts have produced reports, then after the motions *in limine* are decided, it may make sense to change the trial length estimate from five days down to one day.

Respectfully submitted,

DATED: June 19, 2014


**THE PIETZ LAW FIRM**


*/s/ Morgan E. Pietz*

| | |
|---|---|
| Morgan E. Pietz (Cal. Bar No. 260629)<br>3770 Highland Avenue, Suite 206<br>Manhattan Beach, CA 90266<br>mpietz@pietzlawfirm.com<br>Telephone: (310) 424-5557<br>Facsimile:  (310) 546-5301 | Hattem A. Beydoun (P66071)<br>EPIC Law PLLC<br>P.O. BOX 32598<br>Detroit, MI 48232<br>Tel: (888) 715-8033<br>Fax: (313) 254-4923<br>Email:  hbeydoun@epiclg.com |

*Attorneys for Defendant John Doe Subscriber*

## CERTIFICATE OF SERVICE

I hereby certify that on this date, I electronically filed the foregoing paper with the Clerk of the Court using ECF, which will send notification of such filing to all attorneys of record.


***/s/ Morgan E. Pietz***
Morgan E. Pietz

DATED: June 19, 2014