UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| MALIBU MEDIA, LLC, | ) |
| Plaintiff, | ) Civil Case No. 2:13-cv-11432-GAD-RSW |
| v. | ) |
| JOHN DOE subscriber assigned IP address, 69.244.145.197, | ) |
| Defendant. | ) |

**PLAINTIFF'S MOTION FOR ENTRY OF AN ORDER AUTHORIZING COMCAST AND AT&T TO COMPLY WITH A THIRD PARTY SUBPOENA**

Plaintiff, Malibu Media, LLC ("Plaintiff"), hereby moves for entry of an order authorizing Comcast and AT&T to comply with Plaintiff's third party subpoena, and states:

1. Plaintiff established a direct TCP/IP connection with a computer using Defendant's IP Address.

2. In response to a subpoena requesting that Comcast Cable Communications ("Comcast" or the "ISP") identify the internet subscriber assigned IP address 69.244.145.197 on February 24, 2013, Comcast identified Defendant as the applicable subscriber.

3. Plaintiff intends to serve a Subpoena *duces tecum* for deposition on Comcast (the "Comcast Subpoena").

4. The scope of the Comcast Subpoena will be limited to documents and Fed.R.Civ.P. 30(b)(6) deposition topics that refer or relate to:

(a) Plaintiff's ability to lay the foundation for the introduction of the correlation of IP Address to subscriber for purposes of use at trial (i.e., laying the foundation that the correlating documents produced by the ISPs are business records);

1

(b) Information about the reliability of the ISP's correlating technique;

(c) DMCA notices and if applicable six strike notices sent to the Defendant;

(d) Defendant's bandwidth usage;

(e) The number of Comcast internet subscribers in Michigan in February 2013;

(f) The ratio of IP addresses to internet subscribers as of February 2013.

5. Each of the above categories of documents and Fed.R.Civ.P. 30(b)(6) deposition topics is highly relevant. Indeed, if Plaintiff cannot introduce the correlating evidence into trial then Plaintiff will lose this case. It is quite simply outcome dispositive. The reliability of the ISP's correlating techniques is also highly relevant. In a previous deposition, Comcast's 30(b)(6) witness testified that Comcast was "absolutely certain" that its correlation was accurate; this virtually eliminates any argument that there was a misidentification at the ISP correlation level. DMCA notices and six strike notices are relevant because these notices may prove a pattern of infringement or notice that infringement is occurring or both. Bandwidth usage is relevant because people who are heavy BitTorrent users use significantly more bandwidth than normal internet users. Finally, information about the number of internet subscribers and ratio of IP addresses to subscribers is relevant to any defense which may be asserted by Defendant claiming that the IP address was not assigned to Defendant at all relevant times.

6. A deposition is needed: (a) so that Plaintiff can avoid surprises at trial and properly prepare for trial; and (b) because if the ISP ignores a trial subpoena Plaintiff needs to be able to read the ISP's deposition into evidence. Also, Plaintiff intends to seek Defendant's stipulation to reading the deposition into evidence at trial so as to avoid the necessity of having the ISP appear as witness. Alternatively, if Comcast does not appear in response to a subpoena at trial, Plaintiff can read the deposition into evidence.

7. Pursuant to the Cable Act, 47 U.S.C. § 551(c), a court order authorizing the ISP to comply with the subpoena is necessary.

8. Additionally, Plaintiff intends to serve a substantially similar subpoena on AT&T – Defendant's current Internet Service Provider. The subpoena will be limited to DMCA notices and if applicable six strike notices sent to the Defendant and any information relating to Defendant's bandwidth usage.

WHEREFORE, Plaintiff respectfully requests the Court enter an order authorizing the ISPs to comply with a subpoena *duces tecum* for deposition. A proposed order is attached for the Court's convenience.

Dated: June 23, 2014.

Respectfully submitted,

NICOLETTI LAW, PLC

By: /s/ *Paul J. Nicoletti*
Paul J. Nicoletti, Esq. (P-44419)
33717 Woodward Ave, #433
Birmingham, MI 48009
Tel: (248) 203-7800
E-Fax: (248) 928-7051
Email: pauljnicoletti@gmail.com
*Attorneys for Plaintiff*

**CERTIFICATE OF SERVICE**

I hereby certify that on June 23, 2014, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF and that service was perfected on all counsel of record and interested parties through this system.

By: /s/ *Paul J. Nicoletti*