UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| MALIBU MEDIA, LLC, )<br>)<br>    Plaintiff, )<br>)<br>v. )<br>)<br>JOHN DOE subscriber assigned IP address, )<br>69.244.145.197, )<br>)<br>    Defendant. )<br>_____) | Civil Case No. 2:13-cv-11432-GAD-RSW |

**PLAINTIFF'S REPLY IN FURTHER SUPPORT OF ITS
SECOND MOTION FOR ENLARGEMENT OF TIME**

**I.    INTRODUCTION**

Since commencement of this suit, defense counsel has intentionally delayed responding to discovery in order to gain a tactical advantage. Plaintiff propounded its discovery requests on December 20, 2013. Defendant did not respond until May 19, 2014. In addition to being untimely, Defendant's responses were replete with improper boilerplate objections.

Defendant's responsive documents were produced after the close of discovery. These documents make clear that Defendant's husband was the direct infringer and that Defendant is contributorily liable because she knew that infringement was taking place in her home and contributed to the infringement by providing her husband with internet access. Consequently, Plaintiff is filing a motion to amend the pleadings in this matter to conform to the evidence. This will require serving Defendant's husband and allowing him an opportunity to answer, conduct discovery, and otherwise participate in this litigation. Accordingly, Plaintiff is filing a motion to reset all case management deadlines. Further, Defendant's delay tactics have prevented Plaintiff from conducting depositions. Defendant's own discovery responses admit that Defendant needs

1

more time to conduct discovery. Notwithstanding this admission, Defendant is unreasonably refusing to provide Plaintiff with any discovery now, even the documents Defendant promised to provide while discovery was open.

For the foregoing reasons, as explained more fully below, Plaintiff's Second Motion for Enlargement of Time should be granted.

## II.     LEGAL STANDARD

Fed. R. Civ. P. 16(b)(4) states that "[a] schedule may be modified [] for good cause and with the judge's consent." *Id.* Good cause is determined based upon the moving party's "diligence in attempting to meet the case management order's requirements." *Johnson v. Muskingum Co. Sheriff's Dep't*, 2013 WL 6504692, at *4 (S.D. Ohio 2013) (extending discovery deadline) (quoting *Inge v. Rock Fin. Corp.,* 281 F.3d 613, 625 (6th Cir.2002)). The Court should "also consider possible prejudice to the [opposing] party." *Id.* In determining if the moving party was diligent in pursuing discovery, courts consider: "(1) when the moving party learned of the issue that is the subject of discovery; (2) how the discovery would affect the ruling below; (3) the length of the discovery period; (4) whether the moving party was dilatory; and (5) whether the adverse party was responsive to prior discovery requests." *Dowling v. Cleveland Clinic Found.*, 593 F.3d 472, 478 (6th Cir. 2010).

## III.    ARGUMENTS

### A. The Documents Produced By Defendant After the Discovery Deadline Underscore The Need For Further Discovery

Defendant's discovery makes clear that her husband is the direct infringer and that she is contributorily liable. Accordingly, Plaintiff is moving to Amend the Complaint. For the specific facts supporting Defendant's husband's direct infringement and Defendant's contributory infringement, see generally Plaintiff's Motion for Leave to Amend the Complaint. To explain

briefly, Defendant's produced discovery contains various travel itineraries for trips to Germany. Defendant's public LinkedIn profile also says that she is a native German. And, Plaintiff has additional evidence of third party infringements which establishes that Defendant's IP address was used to download and distribute a number of German language books and movies through BitTorrent. Significantly, Defendant speaks German. Additionally, Defendant produced to Plaintiff a Digital Millennium Copyright Act ("DMCA") Notice that she received from Comcast in November 2012. The DMCA notice informed Defendant that her internet had been used to infringe the copyright in an adult movie. This notice establishes that Defendant had knowledge that copyright infringement was occurring within her residence since November 2012. Thus, the evidence implicates Defendant in BitTorrent use and establishes her knowledge of it for illegal purposes. Significantly, Defendant also produced discovery that makes it clear she was not in her home at the time her IP address was used to infringe third-party works. A significant number of those third-party works were adult content. Therefore, it is likely that her husband was downloading adult content while she was out of the country. This makes it more likely that he is the direct infringer of Plaintiff's works. Most importantly, all of the foregoing information was provided to Plaintiff *after* the discovery deadline.

Based upon the foregoing, Plaintiff is moving to reset all of the case management deadlines. Doing so is necessary to give Defendant's husband an opportunity to participate in the case.

>    B. <u>Defendant's Delay Tactics Have Prevented Plaintiff From Timely Completing Discovery</u>

An enlargement is also necessary because Defendant's dilatory tactics have prohibited Plaintiff from timely completing discovery. Specifically, Plaintiff requested that Defendant produce all of the computer devices in her home so that its expert could examine them.

3

Defendant's discovery response promised to produce her computers – but not her husband's – but now that the discovery period has ended, defense counsel is unlawfully refusing to produce the promised drives which were timely requested during the discovery period. Significantly, it is Plaintiff's practice to depose Defendant after its expert analyzes the Defendant's computers. This is the proper order because the information gleamed from a Defendant's computer will be the subject of deposition questions. As a consequence of all of the foregoing, Plaintiff has not yet taken Defendant's deposition. Doing so prior to trial is necessary not only to properly prepare the case for trial, but to avoid an unreasonably long trial wherein a discovery deposition takes place during the trial itself. Accordingly, an extension of the discovery deadline is appropriate to provide sufficient time to conduct further discovery on the information that was only recently provided by Defendant and seen by Plaintiff for the first time *after* the close of discovery.

Here, Plaintiff has been unable to depose Defendant because of defense counsel's severe delays and improper objections to the production of documents and hard drives. Accordingly, this Court should grant Plaintiff's Second Motion for Enlargement of Time.

    C.  <u>Defendant Admits That Further Discovery is Needed</u>

Defendant states that she "is prepared to move forward to trial without obtaining responses to the discovery Doe propounded in this action." Opposition, p. 5. Defendant's assertion is undermined by her own discovery responses in which she states that she has not yet completed an investigation of the facts, has not completed preparation for trial, and that further discovery and independent investigation may lead to *substantial* additions and changes to her responses.

> It should be noted that the Responding Party has <u>not yet completed all investigation</u> of facts related to this case and has <u>not yet completed preparation for</u>

the trial in this matter . . . It is anticipated that further discovery, independent investigation, legal research and analysis will supply additional facts, add new meaning to known facts, as well as establish entirely new factual conclusions and legal contentions, all of which may lead to substantial additions to, changes in, and variations from the responses herein set forth.

*See* Exhibit A.

Defendant's contradictory statements call into question the sincerity of her opposition to Plaintiff's Motion and the impetus behind the discovery she propounded on Plaintiff. To wit: Defendant propounded 18 Interrogatories, 100 Requests for Admission, 154 Requests for Production, and 326 pages of exhibits related thereto. That Defendant is willing to forego responses to the foregoing implicates Fed. R. Civ. P. 26(g) which mandates that discovery requests not be interposed for any improper purpose such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation. These discovery requests were blatantly intended to harass Plaintiff and will be the subject of a motion for entry of a protective order. These requests further evidence Defendant and her counsel's bad faith in this litigation. This bad faith is underscored by Defendant's willingness to foregoing the responses. This makes clear that Defendant propounded these requests in violation of Fed. R. Civ. P. 26 (g). If the massive discovery propounded on Plaintiff is simply unnecessary and Defendant can try this case without it, Defendant's motives behind serving the requests in the first place are highly suspect. Alternatively, if the discovery is necessary and was served for a proper purpose, Defendant should not be willing to forego the responses and should not have objected to Plaintiff's Motion.

D. Plaintiff Has Not Been Dilatory in its Obligations

Defendant argues that Plaintiff was not diligent because Plaintiff's forensic expert report has not yet been produced. CM/ECF 51, pp 3. However, Plaintiff's expert cannot produce a report without examining Defendant's hard drives and, Defendant refuses to produce the drives

despite a timely discovery request from Plaintiff. Further, Defendant's responses to Plaintiff's Requests for Production unreasonably and improperly assert that Defendant need not produce *all* of the computer devices in her home for inspection. Specifically, Defendant attempts to distinguish her computers from her husband's computers and therefore only agreed to produce *her* computers. Defendant's objection is frivolous and in bad faith, since she admits to using *all* the hard drives in her home, including those belonging to her husband. Regardless, Defendant is now refusing to produce *any* hard drives claiming that despite her representation that she would produce some of the drives, her obligation to do so is now extinguished. Defendant's refusal is in bad faith and Plaintiff intends to file a motion to compel production of the drives. Once all of the drives have been produced and examined, Plaintiff will produce its expert report.

Any of Defendant's claims that Plaintiff has been dilatory are false because Defendant refused to produce any discovery while Plaintiff's First Motion for Enlargement was pending and now refuses to produce discovery pending Plaintiff's Second Motion for Enlargement. Further, this Court granted Plaintiff's First Motion for Enlargement on May 5, 2014. Therefore, as a matter of consequence, after receiving Defendant's responses to its discovery, Plaintiff had less than thirty (30) days to complete discovery.

### E. Defendant's Other Arguments Are Disingenuous

First, Plaintiff complied with Local Rule 7.1(a) prior to filing the instant Motion. Next, Defendant's repeated assertions that Plaintiff "has no real desire to take its dozens of cases in this district to trial[,]" is frivolous. Opposition, pp. 3, 7. Plaintiff seeks to have discovery extended so that this case can be tried based upon full and complete information. Further, Defendant's claim that she "is not interested in paying for more discovery," is equally frivolous. Opposition, pp. 6. Defendant propounded hundreds of pages of discovery on the last possible day knowing

that she would have to pay her counsel to review the voluminous responses they expected to receive. Further, contrary to Defendant's assertion, denying the instant motion will result in a *lengthier* trial since evidence will need to be adduced largely through testimony for the first time and more witnesses will need to be called.

### F.  CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests this Court grant the subject Motion and enter an order enlarging the time within which the parties have to complete discovery up to and including August 15, 2014.

Dated:  June 26, 2014

        Respectfully submitted,

        NICOLETTI LAW, PLC

        By:  /s/ *Paul J. Nicoletti*
        Paul J. Nicoletti, Esq. (P44419)
        33717 Woodward Avenue, #433
        Birmingham, MI 48009
        Landline: (248) 203-7800
        eFax: (248) 928-7051
        Email:  paul@nicoletti-associates.com
        *Attorneys for Plaintiff*

### CERTIFICATE OF SERVICE

I hereby certify that on June 26, 2014, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF and that service was perfected on all counsel of record and interested parties through this system.

        By:  /s/ *Paul J. Nicoletti*