UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| MALIBU MEDIA, LLC, | ) |
| Plaintiff, | ) Civil Case No. 2:13-cv-11432-GAD-RSW |
| v. | ) |
| JOHN DOE subscriber assigned IP address, 69.244.145.197, | ) |
| Defendant. | ) |

**PLAINTIFF'S MOTION TO COMPEL
AND INCORPORATED MEMORANDUM OF LAW**

Plaintiff, Malibu Media, LLC, by and through undersigned counsel, and pursuant to Fed. R. Civ. P. 37, hereby moves for entry of an Order compelling Defendant John Doe subscriber assigned IP address 69.244.145.197 ("Defendant") to provide complete responses to Plaintiff's discovery requests, and in support files the following memorandum.

**I.   INTRODUCTION**

On December 20, 2014, Plaintiff served its First Set of Interrogatories and Requests for Production on Defendant. Since then, defense counsel has made every attempt to avoid providing Plaintiff with responses and has delayed discovery in order to gain a tactical advantage. After extensive procedural delay on Defendant's part, she finally responded to Plaintiff's discovery on May 19, 2014. However, Defendant's discovery responses were filled with boilerplate objections in an effort to thwart production of relevant documents. Specifically, Defendant refuses to: (1) produce all computer hard drives in her home which she already agreed to produce; and (2) provide information or produce any documents regarding her husband's computer devices and usage. Defendant's failure to produce all documents and provide all

1

information requested has prejudiced Plaintiff and unduly delayed Plaintiff's ability to prepare for trial. For the foregoing reasons, as explained more fully below, Plaintiff respectfully requests this Court grant the instant motion.

## II. FACTS

On December 20, 2013, Plaintiff propounded its First Set of Interrogatories and Request for Production. In response, Defense counsel emailed undersigned stating that Plaintiff's discovery requests were premature because the parties had not yet held a Rule 26(f) conference nor had a waiver of summons been executed. Contrary to defense counsel's belief, a Rule 26(f) conference occurred on October 24, 2013, as evidenced by this Court's minute entry and subsequent entry of a scheduling order [CM/ECF 24]. Nevertheless, in order to move discovery along, Plaintiff sent defense counsel a summons waiver on December 23, 2013. Defense counsel returned the executed waiver on January 22, 2014 which undersigned immediately filed [CM/ECF 33]. On February 19, without Defendant's Answer to the Amended Complaint or responses to Plaintiff's discovery requests, Plaintiff had no choice but to file a Motion to Extend the Time to Complete Discovery [CM/ECF 36].

On April 28, 2013, this Court held a status conference wherein discovery was reopened and extended to June 16, 2014. Again, in an effort to quickly proceed with discovery and avoid any further delay, Plaintiff re-served its discovery requests on April 29, 2014. Because the discovery deadline was fast approaching, defense counsel agreed to submit Defendant's discovery responses by May 19th. The responses received, however, consisted of mere boilerplate objections intended to further delay discovery. Because discovery was due by June 16, 2014, Plaintiff had less than thirty (30) days to address Defendant's deficient responses, negotiate an appropriate protective order regarding production of the hard drives, conduct

depositions, and complete its discovery. Accordingly, Plaintiff timely filed its Second Motion to Extend the Time to Complete Discovery (CM/ECF 50).

On June 18, 2013, undersigned sent Defense counsel an email regarding production of Defendant's hard drives and a proposed protective order. *See* Exhibit A. However, defense counsel made clear that he would not produce any further discovery until the Court ruled on Plaintiff's pending motion to extend discovery. *Id*. Thus, the issues within the instant motion remain unresolved. Defendant has not filed a motion or made any other attempt to seek an extension of time within which to produce the timely requested discovery.

### III. LEGAL STANDARD

A party "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense[.]" Fed. R. Civ. P. 26(b)(1). "For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action…[r]elevant information need not be admissible… if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). Federal Rule 37(a)(4) states that an "incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond." If a party fails to answer an interrogatory or respond to a document request, the discovering party may move for an order compelling such answer or response. *See* Fed. R. Civ. P. 37(a)(3)(B).

Upon granting a motion to compel "[t]he court must, after giving an opportunity to be heard, require the party … whose conduct necessitated the motion … to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(A). A court must grant this payment when the movant has made an attempt in good faith to obtain the disclosure or discovery without court action, the opposing party's

3

nondisclosure or responses were not substantially justified, and the award of expenses is just. *See* Fed. R. Civ. P. 37(a)(5)(A)(i)-(iii).

### IV. ARGUMENT

#### A. Defendant Must Produce Her Computer Hard Drives For Inspection

##### 1. Defendant's Hard Drives Are Relevant To Plaintiff's Copyright Infringement Claim

Plaintiff's copyright infringement claim is based on Defendant's use of the BitTorrent protocl to copy and distribute Plaintiff's copyrighted works. BitTorrent clients and torrent files may be located on Defendant's computer devices, laptops, desktops, tablets, mobile phones, external storage devices and video game consoles. Request No. 1 seeks a copy of the hard drives for each computer device within Defendant's residence. A complete copy of each hard drive is clearly relevant to Plaintiff's case.

> Plaintiff's Request for Production No. 1: A complete copy of the hard drive for each of the Computer Devices in your house, apartment or dwelling.
>
> Defendant's Response:
> Objection: Defendant objects to this Request to the extent that is seeks confidential and/or personal information that is not subject to an appropriate Protective Order.
> Objection: Defendant objects to this Request to the extent that it seeks electronically stored information that is subject to an Order by the Court outlining permissible electronic discovery protocol as well as an order or stipulated protocol to prevent the disclosure of privileged communications with counsel that would be present in any hard drive alone. As such, Defendant additionally objects to the extent the Request seeks information protected by the attorney-client privilege and/or the work product doctrine.
> Objection: Defendant objects to the extent the request is overbroad and overly burdensome in that the request is prohibitively expensive for the Defendant to accomplish, and in some cases may be technically impossible, or at least outside Defendant's ability for certain devices. Defendant further objects to the extent that the Request seeks a hard drive close for devices that are not capable of supporting and/or downloading the Works through BitTorrent.
> Objection: Defendant objects to this Request as it seeks to impose obligations that exceed those required by Federal Rules of Civil Procedure 34, local rules, or other

4

applicable law or to the extent that it is directed to someone other than a party to his suit.
Objection: Defendant objects to this Request to the extent it is vague as to what constituted a "forensically sound copy."
Objection: Defendant objects to this Request to the extent the request is overly broad, unduly burdensome and solely offered to harass as it encompasses lare amounts of information that is not relevant to any of claims and/or defenses asserted by the Parties and is not reasonably calculated to lead to admissible evidence.
Subject to the foregoing objections, Defendant is willing to make her laptop computer available to Malibu or its expert for inspection or copying, for up to a week (preferably shorter), provided: (a) an appropriate protective order is entered, (b) there is an appropriate procedure to avoid disclosure of privileged attorney-client communications; and (c) that Malibu pays for the expense of any such inspection, copying, and/or secure shipment.

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense[.]" Fed. R. Civ. P. 26(b0(1). "[W]here the computer itself is at the heart of the litigation-where it is, in effect, an instrumentality of the alleged copyright infringement-it is plainly relevant under Fed. R. Civ. P. 26(b)[.]" *Capitol Records, Inc. v. Alaujan*, 2009 WL 1292977 at *1 (D. Mass., 2009) (allowing Plaintiff to examine Defendant's hard drive under a protective order). Indeed, "inspection of a computer's contents is frequently permitted in cases involving copyright infringement." *Dassault Systemes, S.A. v. Childress*, 2012 WL 993959 at *2 (E.D. Mich. 2012). In Malibu Media's Bellwether trial, Judge Baylson, was "concerned with either party intending to use [computer hard drives] at trial which had not been exchanged before trial… [this] pretrial exchange [is] essential [in] prevent[ing] the trial from being bogged down with disputes about the authenticity and admissibility of the evidence." *See Malibu Media, LLC v. John Does 1, 6, 13, 14*, 2013 WL 3038025 at *785 (E.D. Pa., 2013). Further, forensic examination of the Defendant's hard drive in that case ultimately revealed that one defendant had wiped clean his computer and installed a new operating system to conceal the infringements. *Id*.

Equally, in this case, Defendant's hard drives are highly relevant to Plaintiff's case. Indeed, they are at the heart of the matter. Accordingly, Defendant must produce her hard drives for imaging and forensic examination.

### 2. Defendant Failed To Produce Her Hard Drives

To date, Defendant has not produced her hard drives for inspection. In her responses, Defendant agreed to provide copies of some, but not all, of the hard drives subject to a suitable protective order. "A party or any person from whom discovery is sought may move for a protective order[.]" Fed. R. Civ. P. 26(c). However, Defendant has not provided Plaintiff with a stipulated protective order, nor has she filed a motion for entry of a protective order. Nevertheless, on June 18, 2014, Plaintiff submitted a proposed protective order to Defendant. As of the time of this filing, defense counsel has not submitted any comments or suggestions regarding the stipulated protective order. To be clear, Plaintiff does not oppose the entry of a protective order for production of the hard drives. But, without Defendant's input regarding a stipulated protective order and absent a motion for entry of a protective order, Plaintiff has no option but to file the instant motion to compel production of the hard drives.

### B. Defendant Must Produce Responsive Documents and Respond to Interrogatories Regarding Other Household Members With Access To Defendant's Internet

#### 1. Defendant's Refusal to Respond to Interrogatories and Produce Responsive Documents Regarding Other Household Members Is Improper

Within several of Defendant's responses to Plaintiff's discovery she refuses to provide any documents, information, or discovery concerning any other members of her household.[1]

---

[1] Request for Production Nos. 1 (production of computer devices), 7 (communications between Defendant and ISP including Digital Millennium Copyright Act notices), 8 (documents relating to the purchase and installation of anti-virus software), 9 (copy of any external devices), 12 (complete copy of any files stored on video game consoles), 13 (documents regarding account activity and network connections between video game consoles in Defendant's home), 14 (records for any wireless and mobile devices), 15 (travel documents evidencing that Defendant was not at residence during time of infringement), 18 (documents pertaining to forensic software used to delete files), 19 (documents relating to purchase of electronic equipment) and Interrogatory Nos. 15 (identification of each

Because Defendant already stipulated that both she and her husband "are the sole residents authorized to live in their home[,]" it is extremely likely that either the Defendant or her husband, or both, committed the infringement. *See* Defendant's Response to Plaintiff's Request for Production No. 16, Exhibit B. Defendant's objections and responses to Plaintiff's requests erroneously argue that because the hard drives, documents, and information sought do not pertain to Defendant, she is under no obligation to conduct discovery on the requests.

"[F]ederal courts have consistently held that documents are deemed to be within the 'possession, custody or control' for purposes of Rule 34 if the party has *actual* possession, custody or control, or has the legal right to obtain the documents on demand. Thus, legal ownership of the document is not determinative." *In re Bankers Trust Co.*, 61 F.3d 465, 469 (6th Cir. 1995). Here, not only is Defendant a joint owner of her husband's computer devices, she has actual possession of them and admits to using them. *See* Exhibit B, Defendant's Amended Response to Plaintiff's Interrogatory No 4.

Defendant's explicit refusal to provide any documents relating to her husband's hard drives, external storage devices, purchase of electronic equipment, etc., is both suspicious and alarming. Agreeing to produce her own hard drives for inspection while acknowledging the existence of other drives within her home and admitting to using those drives but refusing to produce them because Plaintiff's requests were "directed to someone other than a party to this lawsuit[,]" is disingenuous at best. Defendant has actual possession of <u>all</u> (both her and her husband's) computer devices, hard drives, and other documents requested. Accordingly, Defendant must produce them for inspection.

---

BitTorrent ever installed on one of the Computer Devices in Defendant's home), and 22 (inquiry into whether any one with access to Defendant's wireless router visited an adult website).

Similarly, in response to Plaintiff's Interrogatory No. 15, wherein Plaintiff asked Defendant to identify each BitTorrent Client that has ever been installed on any of the computer devices in Defendant's home, Defendant states, "Defendant can only speak for her own computer, but as far as she is aware, none." *See* Exhibit B. However, "under the Federal Rules a party cannot avoid giving an answer to an interrogatory by an allegation of ignorance if the party can obtain the information from sources under its control." *N.L.R.B. v. Rockwell-Standard Corp., Transmission & Axle Div., Forge Div.*, 410 F.2d 953, 958 (6th Cir. 1969). Again, Defendant's husband's computer devices are in Defendant's possession and she admits to using them. Therefore, Defendant is obligated to obtain any readily available information regarding those devices.

> C. <u>Defendant Improperly Asserted Numerous Boilerplate Objections to Each of Plaintiff's Request For Production</u>

To each of Plaintiff's requests for production, Defendant asserted numerous generic boilerplate objections stated without any specificity or particularity. Defendant's only possible intent was to purposefully frustrate and delay discovery. Because Defendant's responses were riddled with boilerplate objections it would be unduly burdensome to address each one within the instant motion. However, several examples are listed below.

> <u>Objection</u>: Defendant objects to this Request to the extent that it seeks information and/or documents that are not ordinarily kept and/or maintained in the ordinary course of business or otherwise maintained or stored in a file.
> <u>Objection</u>: Defendant objects to the extent the request is overbroad and overly burdensome in that the request is prohibitively expensive for the Defendant to accomplish, and in some cases may be technically impossible, or at least outside Defendant's ability for certain devices.
> <u>Objection</u>: Defendant objects to this Request as it seeks to impose obligations that exceed those required by Federal Rules of Civil Procedure 34, local rules, or other applicable law or to the extent that it is directed to someone other than a party to this lawsuit.
> <u>Objection</u>: Defendant objects to this Request to the extent the request is overly broad, unduly burdensome and solely offered to harass as it encompasses large

8

amounts of information that is not relevant to any of claims and/or defenses asserted by the Parties and is not reasonably calculated to lead to admissible evidence.
Objection: Defendant objects to this Request as overbroad and overly burdensome and seeking information not reasonably calculated to yield information relevant to the allegations of the complaint, to the proposed relief or to the defenses of any Party to the extent that it seeks information outside of the relevant time period.

Objections to requests for production must state the reasons for the objections. *See* Fed. R. Civ. P. 34(b)(2)(B). "The mere statement by a party that an interrogatory or request for production is overly broad, burdensome, oppressive and irrelevant is not adequate to voice a successful objection." *Kafele v. Javitch, Block, Eisen & Rathbone*, 2005 WL 5095186 at * 1 (S.D. Ohio 2005). And, courts "strongly [condemn] the practice of asserting boilerplate objections to every discovery request." *Carfagno v. Jackson Nat'l Life Ins. Co.*, 2001 WL 34059032 at *4 (W.D. Mich. 2001). "Such objections are tantamount to no objection at all." *Cumberland Truck Equip. Co. v. Detroit Diesel Corp.*, 2007 WL 4098727 at *1 (E.D. Mich. 2007).

In light of the foregoin, the Court should deem all of Defendant's objections within her responses to Plaintiff's request for production as waived.

D. <u>Defendant's Purposeful Delay Tactics Are Improper And Prejudicing Plaintiff's Ability To Prepare Its Case</u>

Based on the exchange of emails since December 2013 and Plaintiff's continual efforts to satisfy Defendant's seemingly endless demands, it is clear that defense counsel is abusing the discovery process to gain an undue advantage. Defense counsel erroneously claimed that Plaintiff's initial service of its discovery requests was premature despite the Court having held a scheduling conference and entering a scheduling order (CM/ECF 24). Thus, Plaintiff was required to re-serve it's discovery months later. Defense counsel believes Plaintiff and this Court are subject to *his* procedural demands and case management deadlines. His persistent

9

delay tactics and long overdue complete responses to Plaintiff's discovery requests warrant an order compelling the discovery. *See e.g. Branhaven, LLC v. BeefTek, Inc.*, 288 F.R.D. 386, 390 (D. Md. 2013) (court awarded attorneys' fees after finding a five month delay in production of documents to be unacceptable); *Aerwey Labs., Inc. v. Arco Polymers, Inc.*, 90 F.R.D. 563, 565 (N.D. Ill. 1981) (court found "no excuse for [defendant's] six-month delay in responding to [plaintiff's] Interrogatories and Document Request[,]" and granted plaintiff's motion to compel).

Plaintiff's ability to conduct meaningful discovery is severely impeded without production of all of Defendant's hard drives and complete answers (inclusive of information regarding Defendant's household members). Indeed, the deposition of Defendant and her household members will be infinitely more fruitful after complete responses to Plaintiff's discovery requests are provided and an examination of all of Defendant's hard drives is completed.

Because Plaintiff has sought responses to its discovery requests since December 2013 – when it initially propounded them – Plaintiff has incurred substantial unnecessary litigation costs in filing the instant motion; any additional delay will only further prejudice Plaintiff and unduly delay Plaintiff's ability to prepare for trial.

E. <u>Plaintiff is Entitled to its Attorney's Fees and Costs Incurred as a Result of Defendant's Failure to Respond to Discovery Pursuant to Fed. R. Civ. P. 37(a)(5)(A)</u>

Pursuant to Fed. R. Civ. P. 37(a)(5)(A), if a movant's motion to compel is granted, the Court, after giving the party whose conduct necessitated the motion an opportunity to be heard, must require the party to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees. Such an award requires that the movant have attempted to obtain the discovery in good faith before court action. *See Spizizen v. Nat'l City Corp.*, 516 F. App'x 426, 431 (6th Cir. 2013).

Plaintiff attempted in good faith to obtain Defendant's discovery responses. On June 18, 2013, undersigned sent Defense counsel an email regarding production of Defendant's hard drives. Defense counsel's response states his refusal to produce any discovery (including discovery Defendant agreed to produce) until the Court rules on Plaintiff's Motion to Extend the Discovery Deadline. *See* Exhibit A. Defendant has not demonstrated good cause for failure to provide complete responses to Plaintiff's timely-served discovery requests and the deficient responses are not substantially justified. As such, Plaintiff is entitled to its attorney's fees and costs associated with bringing this motion to compel.

## V.  CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests this Court grant Plaintiff's Motion to Compel complete responses to Plaintiff's discovery requests, and award Plaintiff its reasonable attorney's fees and costs incurred as a result of Defendant's failure to provide complete responses to Plaintiff's timely-served discovery requests.

**WHEREFORE,** Plaintiff, Malibu Media, LLC, respectfully requests entry of an Order:

(A)  Granting Plaintiff's Motion to Compel complete substantive responses to Plaintiff's discovery requests;

(B)  Compelling Defendant to produce all hard drives in her possession, custody or control, including those belonging to her husband, for forensic imaging within seven (7) days of the entry of the Court's Order;

(C)  Compelling Defendant to provide complete responses to Plaintiff's discovery, including any documents, information, or other requested evidence previously withheld on the grounds that such evidence pertained to her husband;

(D) Awarding Plaintiff its reasonable attorney's fees and costs pursuant to Fed. R. Civ. P. 37;

(E) Holding that Defendant's failure to comply with the Court's Order Compelling substantive discovery responses shall result in the entry of a Default Judgment in Plaintiff's favor; and

(F) Granting such other and further relief as this Court deems just and proper.

## GOOD FAITH CERTIFICATION

Plaintiff, by and through undersigned counsel, pursuant to Fed. R. Civ. P. 37(a)(1), Local Rule 37-1, and Local Rule 7-1, hereby certifies that on June 18, 2014, undersigned attempted to confer with defense counsel through email, in a good faith effort to resolve the issues raised in this Motion and to explain the nature of the instant motion and its legal basis. However, defense counsel refuses to produce *any* discovery (including discovery Defendant already agreed to produce) until the Court rules on Plaintiff's Motion to Extend the Discovery Deadline.

Dated: June 27, 2014

                                              Respectfully submitted,

                                              NICOLETTI LAW, PLC

By:   /s/ *Paul J. Nicoletti*
       Paul J. Nicoletti, Esq. (P44419)
       33717 Woodward Avenue, Ste. #433
       Birmingham, MI 48009
       Landline: (248) 203-7800
       eFax: (248) 928-7051
       Email: pauljnicoletti@gmail.com
       *Attorney for Plaintiff*

## **CERTIFICATE OF SERVICE**

      I hereby certify that on June 27, 2014, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF and that service was perfected on all counsel of record and interested parties through this system.

                                            By:      /s/ *Paul J. Nicoletti*