## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN

| | | |
|---|---|---|
| MALIBU MEDIA, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Case No. 2:13-cv-11432-GAD-RSW |
| | ) | |
| v. | ) | |
| | ) | |
| JOHN DOE subscriber assigned IP address, | ) | |
| 69.244.145.197, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## PLAINTIFF'S MOTION FOR LEAVE TO FILE A SECOND AMENDED COMPLAINT

Plaintiff, Malibu Media, LLC ("Plaintiff"), by and through undersigned counsel and pursuant to Fed. R. Civ. P. 15 and L.R. 15.1 hereby moves for the entry of an order granting Plaintiff leave to amend the Amended Complaint (CM/ECF 32), and in support thereof states:

### I. INTRODUCTION

Plaintiff respectfully requests the Court grant it leave to file a Second Amended Complaint alleging claims for direct infringement against Defendant's husband and contributory infringement against Defendant. The Sixth Circuit holds that Court's should liberally grant requests to amend the pleadings when the interests of justice so requires. Here, justice requires that Plaintiff be allowed to amend the Complaint to add Defendant's husband ("Defendant's Husband") as a defendant because Plaintiff's investigation and discovery have established a good faith basis for Plaintiff to believe that he is a direct infringer of Plaintiff's copyrights. Granting the instant Motion will not prejudice any party and will instead allow Plaintiff to pursue the correct claims against Defendant and Defendant's Husband.

1

II. <u>FACTS</u>

A.  <u>Defendant Delayed Responding to Discovery</u>

On February 20, 2014, one day after the initial close of discovery, Defendant filed her answer with the Court.  As set forth in Plaintiff's Motion to Reset All Case Management Deadlines, the delay was not a result of any action by Plaintiff but rather based on a series of dilatory decisions by Defendant.  The day after this Court extended the discovery deadline, Plaintiff reserved Defendant with its discovery.

On June 10, 2014, six days before the second discovery deadline was set to close, defense counsel mailed the requested documents and Defendant's Amended Interrogatory Responses to undersigned's former address.  Because undersigned never received the documents, he emailed defense counsel inquiring about the promised documents.  Defense counsel responded with the documents in PDF form via email on June 19, 2014, three (3) days *after* the discovery deadline.

B.  <u>Defendant Knew That Infringement Was Taking Place Through Her Internet</u>

Defendant's responses to Plaintiff's request for production brought to light evidence favorable to Plaintiff.  Indeed, the responses revealed that Defendant's Internet was password protected during the duration of the time in which the infringement took place.  Discovery also revealed that only two individuals reside in Defendant's household, Defendant and Defendant's husband.

Defendant produced a Digital Millennium Copyright Act ("DMCA") Notice that she received from Comcast in November 2012.  The DMCA notice informed Defendant that her Internet had been used to infringe the copyright covering an adult movie through BitTorrent.  This demonstrates Defendant's knowledge that copyright infringement was occurring through her internet service through BitTorrent since November 2012.

C.  Discovery Revealed the Most Likely Infringer is the Subscriber's Husband

Defendant produced numerous travel itineraries to Germany during the time of infringement.  Although it is possible that an individual can continue to infringe when not at home because the nature of the BitTorrent protocol continues to distribute until it is turned off, Plaintiff's evidence indicates that new infringements occurred while Defendant was abroad. This further indicates that Defendant's husband is the most likely infringer.

Defendant and Defendant's husband both list in their social media profiles that they are skillful in German.  Plaintiff's evidence establishes that the user of Defendant's IP address used BitTorrent to download and distribute German language books and movies.

Defendant stated in her responses that her personal computer did not contain BitTorrent software or Plaintiff's movies.  However, Defendant was silent as to whether her husband's computers were used to infringe Plaintiff's movies.  Defendant also failed to produce her husband's computers for inspection and would only agree to produce her own despite Plaintiff requesting all computers in the household.

**III. LEGAL STANDARD**

Fed. R. Civ. P. (15)(a) provides that "a party may amend its pleading only with . . . the court's leave.  The court should freely give leave when justice so requires." *Id*.  "Absent 'undue delay, prejudice to the opposing party, or repeated failure to cure deficiencies in the complaint[,]' the Court should allow the amendment." *Phelps v. McClellan*, 30 F.3d 658, 662 (6th Cir. 1994). "Furthermore, there must be 'at least some significant showing of prejudice to the opponent; if the motion is to be denied." *Janikowski v. Bendix Corp.*, 823 F.2d 945, 951 (6th Cir. 1987).

"Delay that is not intended to harass the defendant is not in itself a permissible reason to refuse leave to amend." *Id*.  "[W]hen the delay causes the motion to be filed at a late stage of the

litigation, such as near the close of discovery, an increased burden is on the movant to show justification for the failure to move earlier." *Helmer v. Guest*, 09-CV-11697, 2010 WL 3522456 (E.D. Mich. Sept. 7, 2010). However, "it should be emphasized that the case law in this Circuit manifests 'liberality in allowing amendments to a complaint.'" *Janikowski v. Bendix Corp.*, 823 F.2d 945, 951 (6th Cir. 1987).

## IV. ARGUMENT

### A.  It Is In the Interests of Justice to Grant Plaintiff Leave to Amend

"The thrust of Rule 15 is to reinforce the principle that cases should be tried on their merits rather than the technicalities of pleadings." *Tefft v. Seward*, 689 F.2d 637, 639 (6th Cir. 1982).  Here, based on all the evidence above, it is in the interests of justice to grant Plaintiff leave to file its Second Amended Complaint ("SAC") so that it may sue the correct parties and try this case on the merits.  Indeed, if the Court does not grant Plaintiff leave, Defendant and Defendant's Husband will likely escape liability for copyright infringement.  This is not a just or fair result when it is from their own actions that Plaintiff was delayed in receiving the relevant facts.

### B.  Plaintiff Did Not Engage in Undue Delay Because It Just Learned of The Relevant Facts Through Discovery

At the time this case was originally filed, Plaintiff knew only that the infringer was using the subscriber's IP address to access the Internet.  Usually, the subscriber is the infringer.  But, as is the case here, sometimes the infringer is another person residing with the subscriber, who the subscriber has authorized to use the subscriber's Internet. Defendant's Husband resided with Defendant at the address provided to Plaintiff by Defendant's ISP in response to Plaintiff's subpoena. It was not until Plaintiff received Defendant's discovery responses that it became clear that Defendant's Husband was the direct infringer with Defendant's knowledge.  "There is no

undue delay in seeking leave to amend if plaintiffs acquire knowledge of the facts behind the new claim only through recent discovery and after conducting a reasonable investigation of that information." *Koch v. Koch Indus.*, 127 F.R.D. 206, 211 (D. Kan. 1989).

While Plaintiff acknowledges that prejudice may be found when a party seeks leave to amend after the close of discovery, *see e.g. Janikowski v. Bendix Corp.*, 823 F.2d 945, 952 (6th Cir. 1987), here, Plaintiff's delay was not intentional nor avoidable. Indeed, Plaintiff did not learn of the relevant facts necessary to makes its claim until three days after the close of discovery, and just a week ago.

Courts in the Sixth Circuit routinely grant Motions for Leave to Amend the Complaint after the close of discovery when Defendant will not be prejudiced. *See Moore v. City of Paducah*, 790 F.2d 557, 562 (6th Cir. 1986) (Leave to amend should have been granted despite discovery having been completed); *Tefft v. Seward*, 689 F.2d 637, 638 (6th Cir. 1982) (leave to amend should have been granted despite summary judgment ruling); *Helmer v. Guest*, 2010 WL 3522456 (E.D. Mich. Sept. 7, 2010) (granting leave after the close of discovery and dispositive motion deadline despite a failure to justify the delay); *Kaylor v. Radde*, 2005 WL 282851 (N.D. Ohio Mar. 4, 2005) (granting leave to amend eight months after the deadline had passed when new facts regarding claims became apparent through discovery); *Purcell v. Fadlallah*, 10-13444, 2011 WL 4503097 (E.D. Mich. Sept. 28, 2011) (granting leave to amend the complaint and add additional parties after the discovery had closed despite defendant's objection that it will raise the costs of litigation); *Armstrong v. Whirlpool Corp.*, 3:03-CV-01250, 2010 WL 3938367 (M.D. Tenn. Oct. 5, 2010) (granting leave to amend despite discovery closing years before).

C.  Defendant Will Not Face Prejudice

Defendant will not face prejudice if the Court grants leave to file the SAC.  First, the SAC will relieve Defendant of Plaintiff's claims of direct infringement.  Second, the SAC will involve nearly the same claims as previously alleged and any relevant information discoverable in the SAC would also be relevant in the current Amended Complaint.  Most importantly, because the claims are related, Defendant is not likely to be subject to any additional discovery than that which was relevant to a count for direct infringement.  And, it is not likely the SAC would cause Defendant to propound additional discovery since her defenses are not likely to vary.  Here, "[t]he amended cause of action is not so different as to cause prejudice to the defendants."  *Tefft v. Seward*, 689 F.2d 637, 639 (6th Cir. 1982).

D.  Plaintiff's SAC Contains Claims Related to Its Original Complaint

Plaintiff's amended claims are supported by facts alleged in the original pleadings. Namely, an individual using Defendant's Internet used BitTorrent to illegally infringe Plaintiff's movies in violation of copyright law. Defendant was on notice that Plaintiff may allege the claims in the SAC because her discovery revealed she had knowledge of BitTorrent use through her Internet.  And, given that her Internet was password protected, and she denied committing the infringement, it is logical that a claim would be asserted against her husband when he was the only other known user of her Internet.  "[I]t would be error to deny leave to amend when 'the rejection would preclude plaintiff's opportunity to be heard on the merits of facts which are well known to the parties and which were pleaded at the outset."  *In re Cardizem CD Antitrust Litig.*, 2000 WL 33180833 (E.D. Mich. Sept. 21, 2000).

E.  <u>This Court Recently Granted Plaintiff Leave to Amend in a Similar Case</u>

In a near identical case, the Honorable Judge Edmunds granted Plaintiff leave to file a SAC to allege claims of direct infringement against a subscriber's husband and contributory infringement against the subscriber.  *See Malibu Media, LLC v. House*, 13-12218, 2014 WL 861599 (E.D. Mich. Mar. 5, 2014).  In that case, Judge Edmunds found that Plaintiff's allegations that the subscriber used BitTorrent to download copyright content linked to her social media profiles were sufficient to allege that she had knowledge that her husband used BitTorrent to infringe Plaintiff's movies.

> Specifically, the proposed amended complaint alleges that Defendant April House 'was the internet account holder assigned the IP address ... on April 13, 2013, one date on which the infringement was detected (*id.* at ¶ 49); and describes in detail both her's and her husband's regular use of BitTorrent to download Plaintiff's copyrighted works via that IP address (*id.* at ¶¶ 16–38). This is sufficient to state a plausible claim of contributory infringement against Defendant April House.

*Malibu Media, LLC v. House*, 13-12218, 2014 WL 861599 (E.D. Mich. Mar. 5, 2014).

In doing so, Judge Edmunds found that Plaintiff's proposed amended complaint was not "futile".  Here, the evidence of contributory infringement is even more compelling because Defendant actually received notice that infringement of adult content was taking place through her account via the BitTorrent protocol.  And, Defendant refused to turn over her husband's computers for inspection, despite Plaintiff's requests.  By continuing to allow her husband access to her Internet to illegally infringe movies, Defendant is contributorily liable for the infringement of Plaintiff's movies. *See Bridgeport Music, Inc. v. Rhyme Syndicate Music*, 376 F.3d 615, 621 (6th Cir. 2004).

WHEREFORE, Plaintiff, Malibu Media, LLC, respectfully requests entry of an order:

(A)     Granting Plaintiff's Motion for Leave to File the Second Amended Complaint; and

(B)    Granting Plaintiff such other and further relief as this Court deems just and proper.

Dated: June 27, 2014

Respectfully submitted,

By:    /s/ *Paul J. Nicoletti*
Paul J. Nicoletti, Esq. (P44419)
33717 Woodward Avenue, Ste. #433
Birmingham, MI 48009
Tel:  (248) 203-7800
E-Fax: (248) 928-7051
Email:  pauljnicoletti@gmail.com
*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on June 27, 2014, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF and that service was perfected on all counsel of record and interested parties through this system.

By:    /s/ *Paul J. Nicoletti*

## CERTIFICATE OF CONFERRAL

Pursuant to L. R. Civ. P. 7.1(a) Plaintiff conferred with counsel for Defendant and explained the nature of the motion and requested but did not obtain concurrence in the relief sought.

By:    /s/ *Paul J. Nicoletti*

8